# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JESSIE MASSENGILL,** | § | CIVIL ACTION NO. 7:24-cv-67 |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | |
| **BW GAS & CONVENIENCE RETAIL** | § | JURY TRIAL DEMAND |
| **LLC d/b/a ALLSUP'S** | § | |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

Jessie Massengill ("Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant BW Gas & Convenience Retail LLC d/b/a Allsup's ("Allsup's" or "Defendant"), for violation of Title VII of the Civil Rights Act of 1964, 1 ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.* ("TLC"), and any other causes of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. Defendant owns and operates convenience stores under the name of Allsup's. Plaintiff was subjected by Defendant to a sexually hostile work environment. When she reported the sexual harassment to Defendant's Human Resources Department, her hours and thereby pay were reduced and she was forced to work the night shift alone. When she sustained an injury requiring that she temporarily suspend her lifting activities, she was placed by Defendant on a six-week leave of absence from her job. When she attempted to return to work, Defendant's officials would not respond to her attempts to contact Defendant and she was thus constructively discharged from her employment. Defendant's failure and refusal to allow her to return to the job was based

upon her perceived disability and in retaliation for her having engaged in protected activity by reporting discrimination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) 29 U.S.C. §§ 2601, *et seq.*

3. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. This action is authorized and instituted pursuant to § 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the discriminatory events giving rise to the claims asserted herein occurred within this District.

## PARTIES

6. Defendant is a gas and convenience store retail company doing business nationwide, with its headquarters located in Fort Worth, Texas. Upon information and belief, Defendant employs over 300 people.

7. Plaintiff, female, is a person who has been aggrieved by Defendant's actions. She has been, at all relevant times, a resident of the State of Texas.

8. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at its facilities located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

9. Plaintiff has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC).

10. The Plaintiff has sought a Right to Sue from the EEOC.

## STATEMENT OF FACTS

11. Plaintiff was employed by Defendant from January 2018 until February 2022 at Defendant's location in Seymour, Texas. Her position was Store Clerk.

12. Shortly after Plaintiff started working for Defendant, she was subjected to frequent and unwanted sexual advances by an employee referred to as "T" Smith. For example, Mr. Smith would position himself behind Plaintiff at the register, pressing his hand and wrist against her buttocks.

13. Plaintiff repeatedly asked Mr. Smith to stop, but he continued to place his body in contact with her, touching her several times that day. These instances of unwanted conduct were witnessed by an Allsup's employee, Mary LNU.

14. Plaintiff immediately brought the inappropriate touching to the attention of Allsup's Assistant Manager, Janay LNU, and Manager, Carl LNU, via text message. She received no response.

15. Later that night, Mr. Smith returned to the workplace and caused such a disturbance that Defendant was forced to call the Seymour, Texas, Sheriff's Department. She inquired with the Department about making a report of Mr. Smith's assault.

16. In or around February 2022, Plaintiff repeatedly asked Allsup's District Manager, Tony LNU, for contact information for Allsup's Human Resources so that she could report Mr. Smith's inappropriate touching. Tony blatantly stated that he did not want Plaintiff to have the number. He thereby prevented Plaintiff from contacting Allsup's Human Resources Department.

17. Plaintiff eventually obtained the number for Allsup's HR Department from an Allsup's employee who worked at a different location.

18. Shortly after Plaintiff attempted to report the harassment to Allsup's HR, her hours were cut from 40 to 30 hours per week and her shifts were moved in retaliation for engaging in protected activity.

19. Additionally, Plaintiff was made to work the night shift alone, while previously at least two employees had been assigned, to ensure the safety of the employees. Plaintiff's co-workers continued to work in pairs at night, while she was forced to work alone.

20. Plaintiff was subjected to a retaliatory write up by Assistant Store Manager, Janay LNU, for using her cell phone at work, despite the fact that she was using her cell phone to converse with Janay about a work-related matter.

21. Plaintiff repeatedly stated to Mary that she felt she was being targeted for reporting Mr. Smith's harassment towards her.

22. Plaintiff repeatedly asked for more hours and was ignored. Instead, Carl increased the hours of her male co-workers, including Mr. Smith, to over 40 hours per week. Upon information and belief, Plaintiff was the only person whose hours were cut.

23. On or around February 8, 2022, Plaintiff submitted a formal statement regarding the unwelcome sexual conduct that she experienced on the job to Allsup's HR. Shortly thereafter, Plaintiff was told by HR that there was nothing they could do because the security cameras were

**ORIGINAL COMPLAINT**

not working at the time. Yet, upon information and belief, Carl reviewed video of the incident in front of other Allsup's employees and attempted to downplay Mr. Smith's inappropriate touching of her body.

24. On February 16, 2022, Plaintiff informed Janay that she had previously injured her back, and it wasn't healing properly. Plaintiff told Janay, the Assistant Manager, that her back "seems to be getting worse instead of better" and that the doctor said he'd give her a shot and in 6-8 weeks it will start getting better. Janay responded, "I'll be praying for you."

25. After a trip to the Emergency Room, Plaintiff was told by her doctor not to lift anything over five pounds for a limited period of time.

26. Plaintiff then went to work for her shift that day and performed all necessary tasks. She worked for approximately four days, adhering to her doctor's orders.

27. On or around February 20, 2022, Plaintiff asked Janay for help packing up one of the trucks because she was not sure that she could do it alone. She was asked by the HR Medical Director to obtain a medical note from her doctor, and she obtained the note by the very next day. The note limited her lifting for a short period of time.

28. Because she could not perform her duties on the once-a-week "truck day," Plaintiff was told she had to be put on a six-week leave of absence until she could perform all job duties.

29. Unfortunately for Ms. Massengill, that day became her last day of employment with Defendant.

30. Before the end of her medical leave, Plaintiff repeatedly attempted to contact management officials Janay, Carl and Tony to tell them she could come back to work. She came into the workplace to try to come back to work, and even tried contacting management via Snapchat.

31. No one answered the phone when she called. She left a message for "Bonnie" in HR. However, no management official of Defendant replied, and upon information and belief, Assistant Manager Janay blocked Plaintiff's number.

32. No employee of Defendant ever reached out to Plaintiff regarding her status. But Plaintiff repeatedly reached out to Defendant.

33. In this manner, Defendant constructively discharged Plaintiff.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq.***
*(Hostile Work Environment)*

34. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

35. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq.*, as Defendant has subjected Plaintiff to a hostile work environment based on her sex, female.

36. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e *et seq.***
*(Retaliation)*

37. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. Plaintiff lodged complaints with Defendant, through its Human Resources Department and managerial staff, regarding the hostile work environment to which she was subjected, and as such, engaged in protected activity under Title VII.

39. Defendant retaliated against Plaintiff by, among other things, reducing her work hours, forcing her to work on a different shift, the night shift, alone, and then constructively terminating her for reporting the sexually hostile work environment.

40. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C §§ 2000e, *et seq.*

41. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR A VIOLATION OF TITLE I OF THE ADA
*(Discharge Based on Disability)*

42. Plaintiff is a qualified individual under the ADA employed by Defendant and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

43. At all relevant times, Defendant has been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

44. Defendant terminated the Plaintiff based on Plaintiff's perceived disability in violation of Title I of the ADA, 42 U.S.C. § 12112(a).

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Chapter 21 of the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.*
*(Sexually Hostile Work Environnent)*

45. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

46. The conduct alleged herein violates the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.,* as Defendant has subjected Plaintiff to a hostile work environment based on sex, female.

47. Plaintiff's requests for relief are set forth below.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR A VIOLATION OF THE TEXAS LABOR CODE, AS AMENDED, TEX. LAB. CODE §§ 21.001 *et seq.*
*(Discriminatory Discharge Based on Disability)*

48. The conduct alleged herein violates the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.*, as Defendant has terminated Plaintiff's employment because of her perceived disability. Tex.Lab. Code § 21.051.

49. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.*
*(Retaliation)*

50. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

51. Plaintiff lodged complaints with Defendant, through its Owner and President, regarding the hostile work environment to which she was subjected, and as such, engaged in protected activity under the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001, *et seq.*

52. Defendant retaliated against Plaintiff by, among other things, reducing Plaintiff's hours and thereby pay, changing her shift, forcing her to work at night alone, subjecting her to unwarranted discipline and constructively discharging Plaintiff in retaliation for reporting sexual harassment.

53. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* and Title I of the Americans with Disabilities Act.

**ORIGINAL COMPLAINT**

B. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendant's discriminatory practices, and for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses such as humiliation and embarrassment.

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of sexual harassment for all of Defendant's employees;

I. Training regarding how to report discrimination in the workplace;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Respectfully submitted,

*/s/ David W. Henderson*
David W. Henderson
Texas Bar No. 24032292
dhenderson@equalrights.law
Jay Ellwanger
Texas Bar No. 24036522
jellwanger@equalrights.law
Brian Pounds
Texas Bar No. 24126432
bpounds@equalrights.law
**ELLWANGER HENDERSON LLLP**
400 S Zang Blvd, Ste 600
Dallas, Texas 75208
Telephone & Facsimile: (737) 808-2262

**ATTORNEY FOR PLAINTIFF**